■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT LEROY SCHMETZER, Appellant.— Appeal by defendant, as limited by his brief, from two sentences of the County Court, Suffolk County, both imposed March 19, 1973, upon his respective pleas of guilty of robbery in the third degree (a felony) and attempted grand larceny in the third degree (a misdemeanor). Sentence for the felony affirmed and sentence upon the misdemeanor modified, on the law and as a matter of discretion in the interest of justice, by changing it to an unconditional discharge. Defendant, an admitted drug addict, interposed two pleas of guilty, one to a felony and one to a misdemeanor, in satisfaction of all charges in two indictments. At sentencing, the court stated that it would not certify defendant to the care and custody of the Narcotic Addiction Control Commission under the felony conviction, as the crime involved was one of violence, and sentenced him thereon to a maximum of six years in prison. Feeling compelled under the Mental Hygiene Law to certify defendant to the commission on the misdemeanor conviction, the court so certified him for a maximum of 36 months or until his prior discharge as rehabilitated. In our opinion, where a defendant, an addict, is simultaneously convicted on both felony and misdemeanor charges, the sentencing court, in the exercise of discretion, should impose one of the alternative sentences provided for as in a situation where the addict is convicted only of a felony (*People* v. *Arnold,* 42 A D 2d 972; *People* v. *Monsanto,* 41 A D 2d 761). Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN A. CARTER, Appellant, v. LEON J. VINCENT, as Superintendent of Green Haven Correctional Facility, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, dated January 12, 1973, which dismissed the writ. Judgment affirmed, without costs. The question raised by relator with respect to delinquent time may not be considered, as the record before us contains no proof in respect thereto (*Matter of Engle* v. *County of Westchester,* 38 A D 2d 601, 602). Munder, Acting P. J., Martuscello, Shapiro, Brennan and Benjamin, JJ., concur.